FREDERICK P. REED, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Action against the city of New York — the amount demanded in the complaint cannot be increased, by amendment, to exceed the claim presented to the Comptroller — 1873, chap. 335, sec. 105 — what claims fall within it — action by one injured by falling on a sidewalk covered with snow — what to be considered by the jury in determining the negligence of the city — the extent of the streets, and its ordinances relating to the cleaning thereof, are admissible in evidence.*

APPEAL from a judgment in favor of the plaintiff, recovered on the verdict of a jury, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried, and also from an order increasing the amount of damages claimed by the complaint from five to ten thousand dollars.

The action was brought to recover damages for injuries sustained by the plaintiff from falling on a sidewalk in the city of New York, which was covered with snow.

The court at General Term said: "It is not important definitely to determine whether the order increasing the damages claimed by the complaint was a proper one or not, for by the verdict the plaintiff recovered no more than the amount demanded in the complaint before it was amended, and the defendant therefore was not injured or prejudiced by the amendment. The order probably should not have been made, for it has been provided by section 105 of chapter 335 of the Laws of 1873 that 'no action shall be maintained against the Mayor, Aldermen and Commonalty of the city of New York, unless the claim on which the action is brought has been presented to the Comptroller, and he has neglected for thirty days after such presentment to pay the same.' The claim made by the plaintiff was for damages sustained by him in falling upon the ice on the sidewalk on Gold street, on the 10th of January, 1881, and breaking his ankle, and that was a claim within the significance of this clause, and it was so considered by DALY, C. J., in *Harriman* v. *Mayor, etc.* (not reported), and the extent of the sum demanded of the Comptroller limited the claim, as it was required to be made under this language of the statute. For the claim itself consisted of the sum of money to which the plaintiff stated himself to be entitled on account of the injury to which he had been subjected. And when he brought his action for its recovery he would probably be required to stand upon the claim as he had previously presented it. (*Duryea* v. *Mayor, etc.*, 26 Hun, 120.) And the court therefore should have charged, as the request was made, that no greater amount could be recovered in the action. But as the verdict did not exceed this sum the judgment cannot be disturbed for either of these causes. * * *

"The defendant proposed to show upon the trial the number of miles and the area of the sidewalks in the city of New York, and this was rejected by the court as improper, and to the decision rejecting this offered evidence the defendant excepted. The defendant also offered to prove and read in evidence the ordinances of the city enacted for the purpose of requiring the owners or occupants of premises to clean the walks in front of their residences or places of business. That was excluded by the court, and a like exception taken to the decision. The defendant was not liable to the plaintiff simply because he had fallen upon the walk and

received this injury.   To establish a liability it was requisite that proof should be given showing carelessness, or some default or omission on the part of the defendant, in consequence of which the ice and snow remained upon this walk.   And the extent of the walks of the city requiring attention from the authorities in this respect was a fact pertinent to be considered upon the question whether any unreasonable neglect had intervened, through which this particular portion of the walk had not been cleaned.   It was obliged to exercise reasonable care and diligence in its oversight of all the walks and the enforcement of the obligation to clean them, or in the default of the observance of that obligation to furnish a force to clean the walks.   And the extent of the territory over which a like obligation was extended was a fact affecting its observance of care and diligence in this case, and should for that reason have been laid before the jury.

"The enactment of the ordinance to secure the removal of the ice and snow from the walks was an act performed by the defendant to promote that end, and some reliance might be placed upon the expectation that the duty such ordinances required to be performed by the owner or occupants of the premises would not be neglected. These ordinances impose penalties for the neglect to observe them, and they afford some ground certainly for concluding that the persons against whom they may be enforced would not fail to observe their directions, and for that reason, under the authorities prevailing upon this subject, the ordinance should have been received in evidence.   (*Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y., 488.)   The failure to observe such an ordinance would be some evidence of negligence, and that in the first instance the authorities would not be required at their peril to presume.    *    *    *

"The court was also requested to give the following direction to the jury :  'What is a "reasonable time," and what is a "reasonably safe condition of the sidewalk is for the jury to determine, and must be determined from a reasonable standpoint, and in view of the difficulty and obstructions the city has at all times to meet, and also in view of the extended territory of the streets, roads and sidewalks, and the fact that in some sections of the city public travel required more speedy attention than others, and the possible large number of similar dangers requiring attention, and, also, in view of

the facilities at its disposal for removing obstructions.' But the court declined to charge on the point, except as that had already been done. A perusal of the charges produces the conviction that this request had not been so included in it as to lead the minds of the jury to its adoption as a part of the law of the case. The proposition itself seems to have been a proper one for their consideration, and the instruction requested, therefore, should have been given." * * *

*Charles Blandy*, for the appellant.

*Charles P. Miller*, for the respondent.

Opinion by Daniels, J.; Davis, P. J., concurred.

Present — Davis, P. J., and Daniels, J.

Judgment reversed, new trial ordered, costs to abide event.